**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**ISRAEL BACA,**

      **Petitioner,**

**v.**                                                                  **CV. No. 5:20-cv-00886 KG-JHR**
                                                    **CR. No. 18-cr-3067 KG**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ON APPLICATION TO VACATE SENTENCE UNDER 28 U.S.C § 2255

This matter comes before me upon Israel Baca's ("Petitioner") Application to Vacate, Set Aside [or] Correct Sentence pursuant to 28 U.S.C. § 2255(f)(1) in light of *United States v. Davis* and *Rehaif v. United States* (as supplemented). [Docs. 1, 8, & 17] (collectively "Motion"). United States District Judge Kenneth Gonzales referred this case to me on December 7, 2021, for analysis and submission of proposed findings and a recommended disposition. [Doc. 16]. Having considered the entire record and being fully advised, I recommend that the Motion be denied because I find that *Davis* and *Rehaif* do not have the effect of vacating Petitioner's convictions and that Petitioner's attorney was not ineffective.

## BACKGROUND

In the underlying criminal proceedings, Petitioner plead guilty to four counts of the Superseding Indictment: attempted carjacking in violation of 18 U.S.C. § 2119(1); using and carrying a firearm during and in relation to a crime of violence, possessing, brandishing and discharging said firearm in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (iii); and two counts of felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and

1

18 U.S.C. § 924(a)(2) [Doc. 1] at; *United States v. Baca*, 18-CR-3067, [Doc. 18]. Between Petitioner's change of plea and sentencing, the United States Supreme Court decided the *Davis* and *Rehaif* cases upon which he bases his two primary grounds for relief. [Doc. 1]; *see United States v. Davis,* 139 S. Ct. 2319 (2019); *United States v. Rehaif*, 139 S. Ct. 2191 (2019). Petitioner did not file a direct appeal nor demand for collateral relief after sentencing. [Doc. 1] at 6.

### The Motion

Petitioner first challenges his conviction for using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). *Id.* at 2. Petitioner argues that his predicate offense, attempted carjacking, cannot be considered a crime of violence after *Davis*, and therefore his conviction for same should be vacated. *Id*. Petitioner reasons that attempted carjacking cannot be a crime of violence because an attempt crime requires "performing a substantial step toward the commission of the substantive crime." *Id.* at 2-3. Because a "substantial step" does not require violent force, Petitioner concludes that an attempted crime cannot be a crime of violence. *Id.* Petitioner also urges that attempted carjacking effected by intimidation is not a crime of violence. *Id.* at 8-9. Petitioner further posits that intimidation does not require physical force, and so cannot fall within the crime of violence rubric which requires actual or attempted or threatened physical violence. [1] *Id.* at 8-9.

Petitioner also challenges his two convictions for felon in possession of a firearm and ammunition under § 922(g)(1). *Id.* at 3, 10.  Petitioner argues that he is entitled to relief under

---

[1] Petitioner filed supplements to his Motion on February 22, 2021, and August 15, 2022. [Docs. 8, 17]. These supplements do not bring any new claims for relief or new facts. Rather, they expand upon arguments raised in the Motion, specifically concerning the argument that attempted carjacking is not a crime of violence. I have reviewed the supplements and determine they are not meritorious. Because they call for the same analysis as the Motion, my analysis of the Motion also applies to the supplements.

*Rehaif* because "[t]he indictment did not charge Baca knew at the time of the alleged firearm possession, he had been convicted of a crime punishable by more than a year of imprisonment and knew of his prohibitive status." *Id.* at 3. Petitioner contends that omitting this language, what he terms the "essential mens rea elements," from the original indictment violated his Fifth and Sixth Amendment rights affording him respective rights to be informed of the accusations and to have effective assistance of counsel. *Id.* at 3-4. Petitioner adds that the alleged defect in the original indictment also stripped the district court of jurisdiction. *Id.* at 4-5.

Finally, Petitioner alleges that he received ineffective assistance of counsel which rendered his plea invalid. *Id.* at 6, 20. He contends that his attorney was ineffective by not raising his *Davis* and *Rehaif* arguments before sentencing. *Id.*

## The Response

The United States of America ("Respondent") filed its response on April 22, 2021. [Doc. 15]. As to Petitioner's argument that attempted carjacking is not a crime of violence, Respondent countered that attempted carjacking requires "at minimum, the intent to cause death or serious bodily harm by force and violence or by intimidation," and therefore "there is no way to be convicted of attempted carjacking without the intent to cause death or serious bodily injury." *Id.* at 6. Therefore, Respondent contends, attempted carjacking is "conclusively a crime of violence under § 924(c)." *Id.* at 6. Respondent reasons that intimidation necessarily implicates physical violence, and the kind of intimidation required to commit attempted carjacking involves physical violence. *Id.* at 7-8.

Regarding the felon in possession charges, Respondent highlights that *Rehaif* "express[ed] no view . . . about what precisely the Government must prove to establish a defendant's knowledge

of status." *Id.* at 9.  Respondent further notes Petitioner's only basis for challenging his felon in possession convictions is the original indictment's alleged failure to charge any previous felony convictions. *Id.* Respondent counters that: 1) the Superseding Indictment explicitly charged that Petitioner had previously been convicted of at least one felony; 2) Petitioner admitted that he had been convicted of at least one felony, and; 3) Petitioner affirmed his prior conviction again at his plea hearing. *Id.* Respondent also emphasizes that *Rehaif* only requires proof of knowledge of violation of the material elements of the offense, *i.e.*, proof of status as a convicted felon, rather than status as a prohibited person. *Id.* at 10.

Respondent concludes that there was no ineffective assistance of counsel because *Rehaif* and *Davis* have no effect on this case. [Doc. 15] at 11. Therefore, Respondent urges that Petitioner's allegations do not establish that Petitioner was denied any advice that would have made a difference. *Id.*

## LEGAL STANDARDS

28 U.S.C. § 2255 (2012) provides that prisoners in federal custody may challenge their sentences if: (1) the sentence was imposed in violation of the United States Constitution or federal law; (2) the sentencing court had no jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized sentence; or (4) the sentence is otherwise subject to collateral review. § 2255(a). Relief is available under Section 2255 only if "the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation marks and citation omitted). The Court must presume "that the proceedings leading to the conviction were correct," and "the burden is on the movant to demonstrate otherwise." *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989).

The Court must hold an evidentiary hearing unless the motion, files, and records conclusively show that the prisoner is not entitled to relief. *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995).

## ISSUES PRESENTED

1. Whether, considering *Davis,* attempted carjacking under 18 U.S.C. § 2119 is a crime of violence?

    a. Even though the concept of criminal attempt by itself does not contain an element of violence?

    b. Even though carjacking can be effected by "intimidation"?

2. Whether Petitioner is entitled to relief under *Rehaif* because his original indictment failed to allege that he knew he had previously been convicted of a felony crime, even though the superseding indictment included that allegation, and Petitioner admitted the prior felony conviction in his plea agreement and again admitted the allegation at his plea hearing?

3. Whether Petitioner was denied effective assistance of counsel when his attorney did not argue the effects of *Davis* or *Rehaif* at sentencing as grounds to withdraw his plea?

## ANALYSIS

**I.     Petitioner's attempted carjacking predicate offense qualifies as a crime of violence under the Elements Clause of § 924(c)(3)(A) after *Davis*.**

Petitioner's conviction for possessing and using a firearm during a crime of violence stands because *United States v. Davis* did not abrogate the entirety of the crime of violence statute and the remainder supports Petitioner's conviction. *See* § 924(c) (defining what is required for an

offense to be a statutory "crime of violence."). Section 924(c)(3) defines a "crime of violence" as a felony offense that either *"has as an element the use, attempted use, or threatened use of physical force* against the person or property of another" under subsection A ("Elements Clause"), *or* "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" under subsection B ("Residual Clause"). § 924(c)(3)(A)-(B) (emphasis added).

In *Davis*, the Supreme Court found that the Residual Clause is unconstitutionally vague, and the Tenth Circuit retroactively applied that ruling. *Davis*, 139 S. Ct.at 2336; *see United States v. Bowen*, 936 F.3d 1091 (10th Cir. 2019). Because *Davis* did not disturb the Elements Clause, *Davis* only rendered suspect those § 924(c) convictions pursuant to the Residual Clause. Consequently, whether an offense qualifies as a crime of violence may still be analyzed under the Elements Clause.

The "categorical approach" is used to determine whether an offense is a crime of violence under the Elements Clause. *United States v. Ontiveros*, 875 F.3d 533, 535 (10th Cir. 2017). The categorical approach considers only the predicate conviction and its elements to assess whether it fits the Elements Clause's definition of a crime of violence. *United States v. Serafin*, 562 F.3d 1105, 1107-08 (10th Cir. 2009). The categorical approach does not examine the particular facts that gave rise to the conviction. *Id.*

Applying the Elements Clause's categorical approach here, Petitioner's attempted carjacking predicate offense is a crime of violence. I look to the elements of attempted carjacking to determine whether attempted carjacking "has as an element the use, attempted use, or threatened

use of physical force" against another person or property." § 924(c)(3)(A). Petitioner's plea agreement enumerated the elements of attempted carjacking:

1. The defendant intentionally attempted to take motor vehicle from a person;

2. *The defendant did so by means of force, violence, or intimidation*;

3. Motor vehicle had been transported, shipped, received in interstate and foreign commerce; and

4. The defendant intended to cause death or serious bodily injury.

18-CR-3067, [Doc. 75] at 2 (emphasis added).

Element two requires that Petitioner intentionally attempted to take the vehicle "by means of force, violence, or intimidation." *Id.* Similarly, the statutory definition of attempted carjacking requires in relevant part that Petitioner took a vehicle from a person "*by force and violence or by intimidation. Or attempts* to do so." 18 U.S.C. § 2119 (emphasis added). Under the categorical approach, this second element fulfills the Elements Clause test of a felony offense that "has as an element the use, attempted use, or threatened use of physical force." *See* § 924(c)(3)(A). Thus, attempted carjacking is presumptively a crime of violence under the Elements Clause. However, Petitioner raises two arguments concerning attempt crimes and intimidation that I will address.

<u>Attempted carjacking is a crime of violence despite being an "attempt" crime.</u>

Petitioner's contention that an attempt crime cannot qualify as a crime of violence under the Elements Clause fails. Petitioner reasons that an attempt crime requires proof that Petitioner engaged in a "substantial step" towards the substantive offense (carjacking here). [Doc. 1] at 2-3. In turn, Petitioner asserts that a "substantial step" does not require "violent force" necessary for the substantive offense to be a crime of violence under the Elements Clause. *Id.* While Petitioner's

argument may have surface appeal, it fails as a matter of statutory definition. The Elements Clause specifically includes attempt crimes as crimes of violence thereunder: a felony that "has as an element the use, *attempted use,* or threatened use of physical force" is a crime of violence. § 924(c)(3)(A) (emphasis added). Thus, Petitioner's focus on the theoretical concept of criminal attempt, rather the text of § 924(c), forecloses Petitioner's attempt argument.

<u>Attempted carjacking is a crime of violence even if carried out by intimidation.</u>

Petitioner further argues that attempted carjacking cannot qualify as a crime of violence because the offense may take place by "intimidation" which, he argues, would not satisfy the physical force aspect of the Elements Clause. [Doc. 1] at 9. Defendant is correct that attempted carjacking requires attempting to take a motor vehicle "by means of force, violence, or intimidation." § 2119. However, Petitioner's argument is incorrect.

Respondent cites *United States v. McCranie* on this point and I find it instructive. *McCranie*, 889 F.3d 677 (10th Cir. 2018). In *McCranie*, the Tenth Circuit held that intimidation involves the threatened use of physical force. *Id.* at 681. Like Petitioner, McCranie argued that his bank robbery conviction did not qualify as a crime of violence because "intimidation" does not necessarily implicate the threatened use of force. *Id.* at 680. The Tenth Circuit looked to its pattern jury instructions and case law to refute this argument and find that "every definition of intimidation requires a purposeful act that instills objectively reasonable fear (or expectation) of force or bodily injury." *Id.* (internal citation omitted). Therefore, intimidation "qualifies as a threatened use of physical force against the person of another," and so McCranie's bank robbery convictions "categorially qualified as crimes of violence." *Id.* at 680-81.

The same logic applies Petitioner here. The ability to commit attempted carjacking by intimidation does not mean that it is not a crime of violence.  A qualifying offense under the Elements Clause must have an element of attempted, threatened, or actual use of physical force. § 924(c)(3)(A).  Attempted carjacking requires that the defendant used "force, violence, or *intimidation*" to carry it out. § 2119(1) (emphasis added).  Intimidation requires an "objectively reasonable fear (or expectation) of *force or bodily injury*." *McCranie*, 889 F.3d at 680-81. Thus, intimidation is an act which threatens physical force, satisfying the Elements Clause requirement. Petitioner's intimidation argument fails, and I recommend the Court dismiss Petitioner's claims in this regard.

**II.    Petitioner is not entitled to relief under *Rehaif* because the Superseding Indictment properly charged and notified Petitioner of his prior convictions.**

Petitioner's convictions for felon in possession of a firearm under 18 U.S.C. § 922(g)(1) also stand. A conviction under § 922(g)(1) requires the following elements:

1.  The defendant knowingly possessed a firearm and ammunition;

2.  The defendant was convicted of a felony, that is, a crime punishable by a term exceeding one year, before he possessed the firearm and ammunition; and

3.  Before the defendant possessed the firearm and ammunition, the firearm and ammunition had moved at some time from one state to another.

18-CR-03067, [Doc. 75] at 3. Petitioner argues that Respondent failed to prove that Petitioner knew he belonged to the class of persons prohibited from firearm possession, i.e., that he was a felon, at the time of the alleged firearm possession. [Doc. 1] at 3; *cf. Rehaif*, 139 S. Ct. at 2191. Petitioner's argument is not meritorious and Respondent has met its burden under *Rehaif*.

Petitioner primarily contends that the original indictment was defective for omitting the § 922(g)(1) "essential mens rea elements" and thereby violated his constitutional rights. [Doc. 1] at 3. Petitioner alleges that he was deprived the right to be informed of the nature of the charges, his right to counsel, and a fair grand jury process due to the allegedly defective indictment. *Id.* at 3-4. He also asserts that the Court lost jurisdiction. *Id.* Notably, Petitioner does not contend that he was unaware he possessed the firearm in question.

*Rehaif* does not stand for the proposition Petitioner urges. In *Rehaif*, the Supreme Court held that conviction for possession of a firearm by a prohibited person requires the government to "prove both that the defendant knew he possessed the firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200 (declining to opine on what the government must prove to establish knowledge of status). The Tenth Circuit further clarified *Rehaif* in *United States v. Benton*. *Benton*, 988 F.3d 1231, 1238 (10th Cir. 2021). *Benton* held that the government must prove the defendant knew he violated the material elements of § 922(g): (1) possession of a firearm and (2) a status element. *Id.*[2] *Benton* also highlighted that the government need not prove "the defendant knew his status prohibited him from possession of a firearm." *Id.*

Respondent proved both material elements of felon in possession under § 922(g) in Petitioner's case. First, Petitioner does not contest that he possessed a firearm. *See* [Doc. 1] at 3-4. Second, Counts 3 and 4 of the Superseding Indictment filed November 11, 2018, specifically charged felon in possession charges based on three prior felonies: breaking and entering, criminal

---

[2] I note that the status element in *Benton* was a person convicted of a misdemeanor domestic violence crime, and in *Rehaif* an alien unlawfully in the United States. Here, the status element is a felon.

damage to property, and burglary. 18-CR-3067, [Doc. 18] at 2; *see United States v. Bowen*, 946 F.2d 734, 736 (10th Cir. 1991) ("A superseding indictment may be returned at any time before a trial on the merits of an earlier indictment."). Petitioner admitted the charged priors at his change of plea. 18-CR-3067, [Doc. 75] at 2, 3. Therefore, the second material element of felon status has been met.[3] § 922(g)(1). For these reasons, Petitioner's arguments regarding his § 922(g) convictions are not meritorious, and I recommend the Court deny his claims in this regard.

### III.    Petitioner's Ineffective Assistance of Counsel claim fails because he cannot show deficient attorney performance nor prejudice due to deficient performance.

Finally, Petitioner grounds his ineffective assistance of counsel claim in his counsel's alleged "failure to raise [*Davis* and *Rehaif*] objections," which in turn "render[ed] his plea involuntarily and not knowing[]." [Doc. 1] at 5.  The "objections" rely on Petitioner's previously addressed arguments. *Id.* at 10-11. However, as explained above, neither *Davis* nor *Rehaif* yield the outcome that Petitioner desires.

An ineffective assistance claim requires Petitioner to establish both that (1) his attorney's performance was deficient, and (2) Petitioner was prejudiced by his attorney's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first element "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel'" guaranteed by the Sixth Amendment. *Id.* The movant must show that the attorney's representation "fell below an objective standard of reasonableness." *Id.*  at 688. The second element requires showing that "counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.*  Even

---

[3] Petitioner essentially argues what *Benton* foreclosed: that at the time he was found possessing firearms, Petitioner did not know he was prohibited from possessing firearms because of his felon status. [Doc. 1] at 3; [Doc. 15] at 9. As discussed above, the government is not required to prove that Petitioner subjectively understood the ramifications of his having a firearm as a felon at the time he possessed the firearm.

11

if an attorney makes a professionally unreasonable error, that "does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

A defendant's guilty plea must be knowing and voluntary. This means a defendant must have "a full understanding of what the plea connotes and of its consequence." *United States v. Blattner*, 195 F. Supp. 3d 1205, 1233 (citing *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)). This only requires a defendant to understand the "direct consequences" of his plea. *Id.* (internal citations omitted). A guilty plea is void if it is not knowing and voluntary. *Id*

Because arguments based on *Davis* and *Rehaif* would not have been successful to vacate Petitioner's § 924(c)and § 922(g) convictions, his attorney's failure to make those arguments was not ineffective assistance. Petitioner fails to show that his attorney's performance fell below an objective standard of reasonableness or that he was prejudiced by his attorney's performance in that regard. Therefore, I recommend Petitioner's ineffective assistance claim be denied.

I further find that the record shows Petitioner fully understood his plea and its consequences. *See* 18-CR-3067, [Doc. 75]. The Superseding Indictment properly charged and notified Petitioner of the "essential elements" of the § 922(g) charges. *Id.*, [Doc. 18] at 2. On March 19, 2019, four months after the Superseding Indictment, Petitioner agreed to "plead guilty to the *Superseding Indictment*" including Counts 3 and 4. *Id.*, [Doc. 75] at 2 (emphasis added). During his plea proceeding, Petitioner specifically admitted to possessing, brandishing, and discharging a firearm during the attempted carjacking. *Id.* at 5. He also admitted to prior felony convictions of breaking and entering as well as burglary, *id.* at 3, establishing the status element of § 922(g)(1). *See Rehaif*, 139 S. Ct. at 2200; *Benton*, 988 F.3d at 1238. Petitioner also certified that he understood and reviewed the plea agreement with his attorney, including the offense

elements and sentencing factors. *Id.* at 9. I therefore find that Petitioner's plea was knowing and voluntary and recommend the Court deny the Motion in this regard.

**IV.     Petitioner's Motion for Appointment of Counsel should be denied.**

Petitioner filed a Motion to Appoint Counsel on January 13, 2023. [Doc. 18].  There is no constitutional right to counsel in a § 2255 proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Appointment of counsel in collateral review proceedings is governed by 18 § U.S.C. 3006A(a)(2)(B), which provides:

> Whenever the United States Magistrate Judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2255 of title 28.

18 § U.S.C. 3006A(a)(2)(B) (2018).  When a hearing is not necessary, appointment of counsel in a § 2255 proceeding rests in the discretion of the court. *See United States v. Moya-Breton*, 439 F. App'x 711, 716 (10th Cir. 2011); *Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 222 (10th Cir. 1994).

I first determine that an evidentiary hearing is not needed in this matter under Rule 8 of the Rules Governing Section 2255. Petitioner's Motion turns on questions of law and the record conclusively demonstrates that he is not entitled to relief. *See Galloway*, 56 F.3d at 1240 n.1.

I therefore determine that the interests of justice do not require appointment of counsel. Petitioner cogently sets forth his arguments in his Motion and supports his theories therein with appropriate citations to the record and case law. The result is not determined by any defect in the presentation of his arguments, but by their legal inadequacy in the face of undisputed facts.  I thus recommend that Petitioner's Motion to Appoint Counsel be denied.

## V.      A Certificate of Appealability should be denied.

I further recommend that a certificate of appealability ("COA") should be denied. The standard governing the issuance of a COA asks "whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S.Ct. 759,773 (2017) (internal citation and quotation omitted); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (requiring a petitioner to "demonstrate that reasonable jurists would find the Court's assessment of his constitutional claim deniable or wrong."). In the instant matter, I conclude that Petitioner failed to show that reasonable jurists would find my assessment of Petitioner's claims under *Davis* and *Rehaif* debatable or wrong. Therefore, I find that a COA is inappropriate, and recommend that the Court deny Petitioner a COA.

## CONCLUSION & RECOMMENDATIONS

For the foregoing reasons, I propose that the Court find the following:

1.  Petitioner's attempted carjacking conviction 18 U.S.C. § 2119 is a crime of violence pursuant to 18 U.S.C. § 924(c)(3)(A) even after *Davis*;

2.  Petitioner is not entitled to relief under *Rehaif* because the Superseding Indictment properly charged and notified Petitioner of his prior felony convictions that sustain the felon in possession convictions under 18. U.S.C. § 922(g)(1);

3.  Petitioner's counsel's performance was objectively reasonable and not deficient, and Petitioner was not prejudiced by any claimed deficiency in failing make *Davis* and *Rehaif* objections;

4.  Petitioner's Motion for Appointment of Counsel should be denied;

14

5.   An evidentiary hearing is not required under Rule 8(a) of the Rules Governing Section 2255

    Proceedings; and

6.   A Certificate of Appealability should be denied.

        In sum, I recommend that the District Judge **DENY** Petitioner's Application to Vacate, Set

Aside, Correct Sentence Pursuant to 28 U.S.C. § 2255(f)(1) in light of *United States v. Davis* and

*Rehaif v. United States* [Doc. 1], **DENY** the Motion to Appoint Counsel [Doc. 18], and finally

**DENY** a Certificate of Appealability.


_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE



---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE**
of a copy of these Proposed Findings and Recommended Disposition they may file written
objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party
must file any objections with the Clerk of the District Court within the fourteen-day
period if that party wants to have appellate review of the proposed findings and
recommended disposition. If no objections are filed, no appellate review will be allow**

---